**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Merrick M. HINES, Defendant–
Appellant.**

No. 04–31228.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 25, 2005.

Josette Louise Cassiere, Assistant U.S. Attorney, Kevin Zolot, U.S. Attorney's Office Western District of Louisiana, Shreveport, LA, for Plaintiff–Appellee.

Joseph Ransdell Keene, Law Offices of J. Ransdell Keene, Shreveport, LA, for Defendant–Appellant.

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM: *

Merrick M. Hines appeals the sentence imposed following his guilty-plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He argues that the district court erred in departing upward in sentencing him based on his police arrest record and incident report records. After *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), this court reviews sentences for reasonableness. *United States v. Smith,* 417 F.3d 483, 491–92 (5th Cir.2005). The district court based its decision to depart upward on Hines's similar criminal convictions involving the use of a firearm, a juvenile negligent homicide, an old cocaine possession, accessory to murder for which the punishment was too lenient, and Hines's other criminal conduct demonstrating a consistent pattern of criminal behavior. The district court also determined that Hines's criminal history category substantially underrepresented the seriousness of his criminal history and that his criminal

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

history establishes a likelihood that he will commit other crimes in the future. The district court considered the policy statement in U.S.S.G. § 4A1.3 and the factors in 18 U.S.C. § 3553(a). The sentence imposed was reasonable for the reasons given by the district court at the sentencing hearing. *See Smith,* 417 F.3d at 489. There is nothing in the record to show that the district court would have imposed a lesser sentence under an advisory guidelines scheme. *See id.* Therefore, the district court's judgment is

AFFIRMED.